IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRENDA PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1678 (MN) |
| | ) |
| AMAZON.COM.INDC, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 11th day of May 2022;

1. **Introduction**. Plaintiff proceeds *pro se*. On March 28, 2022, the Court transferred the matter to the United States District Court for the Southern District of Indiana after determining venue was not proper in this District. (D.I. 1). The matter was electronically transferred to the Southern District of Indiana. On May 9, 2022, Plaintiff filed a motion to set aside the March 28, 2022 order. (D.I. 10). This Court construes the motion as a motion for reconsideration. Plaintiff also requests a "Three-Judge District Court."

2. **Three Judge Panel**. Plaintiff requests a "Three-Judge District Court" pursuant to Local Rule 9.2 and 28 U.S.C. § 2284. (D.I. 10). Pursuant to § 2284, "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." Upon review of Plaintiff's complaint, which asserts employment discrimination, this Court concludes that the convening of a three-judge panel under 28 U.S.C. § 2284 is not required.

3. **Reconsideration**. The standard for obtaining relief under Rule 59(e) is difficult for parties to meet. The purpose of a motion for reconsideration is to "correct manifest errors of

law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

4. This Court has reviewed the filings and considered Plaintiff's motion. She has failed to set forth any intervening changes in controlling law, new evidence, or clear errors of law or fact made by the Court to warrant granting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677.

5. **Conclusion**. THEREFORE, for the above reasons, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (D.I. 10), including her request for a three-judge panel, is DENIED.

The Honorable Maryellen Noreika
United States District Judge